IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMBER TIMMS, | § | |
| | § | |
| Defendant Below, | § | No. 178, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID. No. 1802002418 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted:  August 12, 2019
Decided:  September 18, 2019

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the record on appeal, it appears to the Court that:

(1)     On the evening of February 3, 2018, the appellant, Amber Timms, was driving home after attending a concert when her vehicle rear-ended another vehicle just before the traffic light at a major intersection.  A Middletown police officer responded to the scene at approximately 11:15 p.m.  The officer undertook an impaired driving investigation based on his observations of the location and nature of the collision, which included markings on the road that indicated late braking; the odor of alcohol on Timms; the responses that Timms provided to preliminary

questions; and her manner of retrieving the paperwork that the officer requested. The officer administered several field sobriety tests—including a horizontal gaze nystagmus ("HGN") test and two physical tests, the one-legged-stand test and the walk-and-turn test—and arrested Timms for Driving Under the Influence ("DUI"). He transported her to the Middletown police station, where he administered an Intoxilyzer test at 12:36 a.m. on February 4, 2018. The Intoxilyzer results indicated that Timms's blood alcohol content was nearly twice the legal limit.

(2) Before trial, the defense filed a motion to suppress the Intoxilyzer results. The motion argued that the officer lacked probable cause to arrest Timms for DUI because the officer did not administer the field sobriety tests correctly and the results of the physical tests may have been affected by external factors, such as the frigid temperature on the night of the accident. She also argued that the Intoxilyzer result should be suppressed because the State did not produce the 911 call reporting the accident, and therefore could not establish that the test was administered within four hours of when Timms was driving.

(3) At the beginning of the bench trial in November 2018, the Court of Common Pleas considered the motion to suppress, based on the officer's testimony and review of videos of the officer's administration of the field sobriety tests. The court held that, in determining whether probable cause existed, it would not consider the results of the HGN test because the officer did not administer the test in

2

accordance with the National Highway Traffic Safety Administration standards. The court determined that Timms's performance on the physical tests indicated impairment, even taking into account the temperature that evening. The court therefore denied the motion to suppress, concluding that the officer had probable cause to arrest Timms based on the physical tests; the officer's observations of the accident scene; her difficulty producing requested paperwork; her responses to questions; and the officer's testimony about the odor of alcohol.

(4) During closing arguments, defense counsel argued that the State had failed to prove that the Intoxilyzer test was administered within four hours of driving.[1] In support of the argument, Defense counsel pointed to the State's failure to produce the 911 call reporting the accident. In rebuttal, the State argued that the officer had testified that he had arrived at the scene of the accident within a few minutes of dispatch, and that the Intoxilyzer test was administered approximately one hour and fifteen minutes after that, well within the four-hour window.

(5) The court weighed the fact that the 911 tape was missing in favor of the defense, but held that it belied common sense to conclude that the accident, which occurred on a busy road at a major intersection, was not reported for nearly three hours. The court therefore considered the Intoxilyzer results and found Timms

---

[1] *See* 21 *Del. C.* § 4177(a) ("No person shall drive a vehicle . . . (5) When the person's alcohol concentration is, within 4 hours after the time of driving .08 or more. . . .").

guilty of DUI and Inattentive Driving. For the DUI offense, the court sentenced Timms to a $500 fine and twelve months at Level V incarceration, suspended for twelve months of Level I probation, which could be discharged upon completion of a course on driving under the influence. For the Inattentive Driving offense, the court ordered Timms to pay a $25 fine.

(6) Timms appealed to the Superior Court. On appeal, her counsel argued that the Court of Common Pleas erred by admitting the Intoxilyzer results into evidence because (i) the officer lacked probable cause to arrest Timms for DUI, and (ii) the State did not prove that the Intoxilyzer test was administered within four hours of driving. The Superior Court affirmed, holding that ample probable cause existed without consideration of Timms's performance on the field sobriety tests and that there was clear and sufficient evidence in the record to indicate that the Intoxilyzer test was administered within four hours of when Timms operated a motor vehicle.[2] Timms has appealed to this Court.

(7) Timms's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Timms's counsel asserts that, based upon a conscientious review of the record and the law, there are no arguably appealable issues. In his statement filed under Rule 26(c), counsel indicates that he informed

---

[2] *Timms v. State*, 2019 WL 1548970 (Del. Super. Ct. Apr. 4, 2019).

4

Timms of the provisions of Rule 26(c) and provided her with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Timms of her right to submit points she wanted this Court to consider on appeal. Timms has not submitted any points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(8)    When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law for arguable claims.[3] This Court must also conduct its own review of the record and determine "whether the appeal is indeed so frivolous that it may be decided without an adversary presentation."[4]

(9)    The Court has reviewed the record carefully and concluded that the appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that counsel made a conscientious effort to examine the record and the law and properly determined that Timms could not raise a meritorious claim on appeal.

---

[3] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S.738, 744 (1967).

[4] *Penson*, 488 U.S. at 81.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:


/s/  James T. Vaughn, Jr.
Justice